UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 20-22-DLB

TANYQUA LATRICE OLIVER                                                PLAINTIFF

v.                  **MEMORANDUM OPINION and ORDER**

JAMES HERRICK, et al.                                                    DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Tanyqua Latrice Oliver has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). Oliver names two officials, Kimberly Hosea and James Herrick, in both their individual and official capacities, as the Defendants in this action. *Id*. at 1. The Court has granted her Motion to Proceed *In Forma Pauperis* by a separate Order (Doc. # 6). Federal law therefore requires the Court to review the Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

Oliver indicates that she filed a complaint with Kentucky's Administrative Office of the Courts ("KAOC") regarding an asserted violation of Kentucky's open meetings law, but she never received a response. (Doc. # 1 at 4). Then, on January 16, 2020, Oliver filed a complaint with the Kentucky Attorney General's Office ("KAGO") regarding the same issue in light of KAOC's failure to respond within the time permitted by Kentucky statute. *Id*. Eleven days later, KAOC representative Kimberly Hosea, sent a letter

1

responding to Oliver's complaint by e-mail to KAGO representative Joseph Fawns. *Id*. at 4–5. Oliver contends that "Hosea violated the proper procedure for submitting a denial in writing in accordance with KRS 61.846(1) or KRS 61.846(2)[,]" and by doing so Hosea "interfered with the exercise and enjoyment of [Oliver's] 1st amendment right to petition." *Id*. at 4. She further alleges that James Herrick, KAGO's representative, acted contrary to Kentucky law by considering Hosea's denial letter when addressing her complaint. *Id*. This act, Oliver contends, made Herrick an accomplice and co-conspirator in Hosea's violation of her rights under the First and Fourteenth Amendments. *Id*. at 4–6. Oliver also asserts that one or both Defendants violated 5 U.S.C. § 706(2)(d), 42 U.S.C. § 12203(b), and 18 U.S.C. §§ 241, 242. *Id*. at 2–3. Plaintiff requests a trial by jury and seeks $311,111.08 in monetary damages, a public apology from both Defendants, and an injunction declaring "20-OMD-18" unconstitutional and ordering its "redaction."[1] *Id*. at 8. The Court has thoroughly reviewed the Complaint and concludes that it must be dismissed for failure to state a claim.

First, while Oliver invokes 5 U.S.C. § 706(2)(d), that provision is part of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., which applies to federal, not state, governments and agencies. *See* 5 U.S.C. §§ 701(b)(1), (b)(1)(C). Second, 42 U.S.C. § 12203(b) proscribes threats, intimidation, or interference directed towards another for his

---

[1] Oliver does not clearly explain what "20-OMD-18" is, but it refers to KAGO's decision denying her open meetings complaint. It may be viewed at https://ag.ky.gov/Priorities/Government-Transparency/orom/2020/20-ORD-018.pdf (accessed March 31, 2020). In that decision, KAGO determined that Kentucky courts are not subject to Kentucky's Open Meetings Act, and hence Fayette County Circuit Court Judge Ernesto Scorsone did not violate the Act when he ordered Oliver not to record or broadcast the court hearing with her cell phone. A sister court in this District has recently dismissed a similar complaint by Oliver against Judge Scorsone arising out the same facts. *Oliver v. Scorsone*, No. 5: 20-CV-107-HRW, 2020 WL 1444939, at *1 (E.D. Ky. March 24, 2020).

or her exercise of rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Oliver does not allege that she is disabled or that the defendants threatened, intimidated, or interfered with her on account of her exercise of rights under the ADA. Oliver's Complaint does not state a claim under the ADA. *Equal Employment Opportunity Comm'n. v. STME, LLC*, 938 F.3d 1305, 1320–21 (11th Cir. 2019) (affirming a district court's dismissal for failure to state a claim under the ADA when a plaintiff did not allege any disability).

Third, Oliver lacks standing to assert a violation of 18 U.S.C. §§ 241 & 242 because those are criminal statutes. A private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and thus cannot assert a claim arising under a criminal statute, *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"). Courts have declined to infer a private right of action under either of the sections referenced by Oliver. *Cf. Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307, 308–309 (6th Cir. 2004) (stating that there was no private cause of action under 18 U.S.C. § 242); *Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975) (same under § 241).

Another statute, 42 U.S.C. § 1983, is a proper vehicle to assert claims arising out of the violation of constitutional rights, but Oliver's allegations fail to state a claim under either the First or Fourteenth Amendments. Oliver first contends that Hosea's conduct interfered with her right to petition the government for the redress of grievances under the First Amendment because Hosea's response to KAGO: (1) was submitted after the three

3

days permitted by KY. REV. STAT. § 61.846(1) and (2) was not part of the record and Oliver did not want it considered. *See* (Doc. # 1 at 3–4). As a threshold matter, the premise for Oliver's claim—that Hosea's response was not filed in compliance with Kentucky law—is incorrect. First, the three-day period permitted to file a response applies only to an agency's own initial response to a citizen complaint of non-compliance under § 61.846(1), not to review proceedings by KAGO under § 61.846(2). *See* § 61.846(2). Second, Oliver's assertion that KAGO was not permitted to consider KAOC's response to her complaint is refuted by the statute itself. By its terms, § 61.846(2) states that "[i]n arriving at the decision, the Attorney General may request additional documentation from the agency." § 61.846(2).

In any event, the fact that a state official may file a response to a citizen's grievance as part of her official duties—whether or not in compliance with the state's procedural rules for doing so—in no way encumbers that citizen's ability to seek redress from the government in the first instance. Federal jurisprudence under the Petition Clause closely parallels that under the Free Speech clause, which protects against undue constraints upon a citizen's speech, not against additional speech by others. *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 382 (2011). A state official's conduct in engaging in speech herself does not, without more, impair a private citizen's free speech rights or, by extension, her right to petition the government for redress of grievances. *Cf. Novoselsky v. Brown*, 822 F.3d 342, 356–57 (7th Cir. 2016) (noting that a public official's statements about a plaintiff, even if false or defamatory, did not violate the plaintiff's First Amendment rights unless accompanied by threats, coercion, or intimidation); *Penthouse Int'l, Ltd. v.*

4

*Meese*, 939 F.2d 1011, 1015–16 (D.C. Cir. 1991). Oliver's First Amendment claims will therefore be dismissed.

Nor do Oliver's allegations support a due process or equal protection claim under the Fourteenth Amendment. Oliver does not allege that she is a member of a protected class for equal protection purposes. That leaves only a possible "class-of-one" equal protection claim, where the plaintiff "does not allege that the defendants discriminate against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily." *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) (emphasis in original)). To state such a claim, a plaintiff must allege that she, as an individual, has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Oliver does not allege that the defendants treated her any differently than others similarly situated; indeed, her open meetings complaint was processed in a manner in accordance with the governing Kentucky statute. *See* §§ 61.846(1),(2). Her Complaint thus fails to state an equal protection claim. *See Aldridge v. City of Memphis*, 404 F. App'x 29, 42 (6th Cir. 2010) ("To satisfy [the Equal Protection Clause's] threshold inquiry, [plaintiffs] must allege that [they] and other individuals who were treated differently were similarly situated in all material respects.") (alterations in original) (quoting *Taylor Acquisitions, L.L.C. v. City of Taylor,* 313 Fed. App'x. 826, 836 (6th Cir.2009)).

To state a procedural due process claim, a plaintiff must demonstrate that she possesses a property interest of constitutional dimension and that she was deprived of it

without due process of law. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571–72 (1972). Here, Oliver does not identify any constitutionally-protected property interest at issue, nor do her allegations suggest one. *See* (Doc. # 1 at 5–6). Instead, she appears to contend that her due process rights were violated merely because, she believes, state officers did not strictly adhere to the statutory procedures for processing her open meetings complaint. *See id.* However, that treats property and process as one and the same, a conflation the Supreme Court has repeatedly stated is improper:

> "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *see also Doe v. District of Columbia*, 93 F.3d 861, 868 (C.A.D.C.1996) (*per curiam*); Doe v. Milwaukee County, 903 F.2d 499, 502–503 (C.A.7 1990) . . . [T]his Court [has] observed that "[t]he categories of substance and procedure are distinct . . . 'Property' cannot be defined by the procedures provided for its deprivation." *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

*Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 771 (2005) (Souter, J., concurring).

In the absence of a constitutionally-protected property interest, Oliver's due process claim necessarily fails. *Cf. Morton v. Cty. of Erie*, 335 F. Supp. 3d 449, 461 (W.D.N.Y. 2018) (stating that a county election board's failure to follow its internal rules was not a federally protected right, so the due process claim failed); *Brown v. McHugh*, 972 F. Supp. 2d 58, 67 (D.D.C. 2013) (stating that the Army's failure to follow its own internal procedures did not give rise to a due process claim). Additionally, as noted above, there is no indication that the Defendants failed to adhere to the Kentucky statutes regarding the processing of her open meetings complaint. For both reasons, this claim must be dismissed.

Finally, in her complaint Oliver specifically requested a jury trial on her claims. (Doc. # 1 at 1). In her earlier case before a sister court, Oliver filed a post-judgment motion contending that "[w]hen a jury trial is demanded, with all due respect, Judges lack the jurisdiction to a render any judgment/order." *Oliver v. Scorsone*, No. 5:20-cv-107-HRW (E.D. Ky) ("Motion for Relief" filed March 31, 2020) (Doc. # 11 at 2 therein). This is incorrect, as the Seventh Amendment guarantees the right to a trial by jury, but that right extends only to viable civil claims. *See O'Hair v. Winchester Police Dep't.*, No. 16-6235, 2017 WL 7240652, at *4 (6th Cir. Oct. 18, 2017) ("Nor did the district court err by dismissing [plaintiff's] case without presenting it to a jury. Where, as here, a complaint fails to state a claim upon which relief may be granted or no genuine issues of material fact exist, a plaintiff has no Seventh Amendment right to a jury trial.") (citations omitted); *see also Henry v. Jones*, 484 F. App'x 290, 291 (11th Cir. 2012). Accordingly, the Court's dismissal of claims upon initial screening for failure to state a claim does not offend the Seventh Amendment.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   Oliver's Complaint (Doc. # 1) is **DISMISSED**; and

(2)   This matter is **STRICKEN** from the Court's active docket.

This 2nd day of April, 2020.

Signed By:
*David L. Bunning*   DB
United States District Judge